[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this matter the court is asked to determine who may be present during the taking of a deposition. The parties are in the process of cooperating in the discovery process pursuant to an application to proceed with arbitration.
The first-named plaintiff is Lurrae Lupone, who is a partner in a limited partnership and a trustee of certain family trusts. The other named plaintiffs are Marc and Jonathan Meyers, the children of the plaintiff. The first-named defendant is Larry Lupone who is also a partner in the same limited partnership. He is the brother of the plaintiff Lurrae Lupone and the uncle of the Meyers children.
At the deposition of the plaintiff Lurrae Lupone, taken by counsel for the defendant Attorney William Gallagher, the plaintiff had in attendance her counsel Attorney John A. Keyes, and also in attendance, Michael Meyers, who is her former husband and who is the father of the other two plaintiffs Marc and Jonathan Meyers.[1] The defendant objected to the presence of Michael Meyers at the deposition and indicated that he would terminate the deposition if Michael Meyers did not leave, and would seek court intervention to prevent Mr. Meyers' attendance at any continued CT Page 9077 deposition.
Both parties have now filed papers with the court in support of their claims about whether Meyers should be allowed to attend the deposition when it resumes.
Certain facts are not disputed. Mr. Meyers is an attorney admitted to practice in New York, but not in Connecticut. He has filed no request to appear as counsel in this matter pro hac vice. He has some expertise in the area of tax planning. He has advised the plaintiffs, and now their Connecticut counsel, concerning the proposed dissolution of the limited partnership that is the subject of the arbitration. Certain of the documents marked so far at the deposition refer to Mr. Meyers by name and appear to be correspondence addressed to him.
The other fact not in dispute is that the defendant can barely stand to be in the same room with him.
The court notes and both sides concede that there is no controlling authority as to how the court should exercise its discretion in this circumstance. of some help are the sections of the Connecticut Practice Book that govern deposition practice. Conn. P. B. § 13-5 states:
 Upon motion by a party from whom discovery is sought, and for good cause shown, the judicial authority may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (5) that discovery be conducted with no one present except persons designated by the judicial authority . . .
That Practice Book section presupposes that it is the deponent who is being subjected to the offending discovery process, not the situation here where it is one of the other parties in attendance who seeks to control how the deposition should proceed. of more help is Conn. P. B. § 13-30 (c) governing actual deposition procedure which provides:
 At any time during the taking of a deposition, on motion of a party or of the deponent and a showing that the examination is being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending may . . . limit the scope or manner of the taking of the deposition as provided in Section 13-5.
Here the plaintiff/deponent Lurrae Lupone has filed a motion entitled Motion for Order, essentially claiming that the requirement of the defendant that she submit to a deposition without the presence of her CT Page 9078 adviser in the room is improper. The defendant's opposition papers claim that there is no basis for such an assertion and that the rules contain no provision for a non-party to attend a deposition over the objection of a party.
Two sets of principles govern the court's ruling in this case. The first is that, under our rules, it is the party noticing and taking the deposition that, within certain limits, decides the manner in which the deposition is to proceed. The "deposing" party decides in the first instance the day and time of the deposition, § 13-27 (a) and (b); the place of the deposition, § 13-29; the documents and other things that the deponent may be required to bring along, 13-28 (c); the authority before whom the deponent must swear or affirm the truth of the testimony, § 13-28 (a); the questions that will be asked, § 13-30 (a); the length of time the deposition will consume, § 13-27 (e); the means by which the testimony will be memorialized, such as by videotape, in addition to stenographic means, § 13-27 (f)(2); all without leave of the court. These are matters that have traditionally been considered the prerogatives of the deposition-taker, albeit usually after affording the opponent or witness some ability to negotiate about the terms.
The second principle is that a deposition is not an "open" proceeding. While part of the litigation process, pretrial depositions are not "public components of a civil trial." Seattle Times v. Rhinehart,467 U.S. 20, 104 S.Ct. 2100 (1984) (affirming issuance of a protective order on certiorari to the Supreme Court of Washington where the rule concerning deposition proceedings was, in Washington as in Connecticut, identical to the federal rule). "The public has no reliable method for determining when or where discovery proceedings will take place and no absolute right to attend them even if aware of the time and place."Marcus, Myth and Reality in Protective Order Litigation, 69 Cornell L.Rev. 1, 15 (1983).
Of course Michael Meyers is not an ordinary member of the public. He is someone who has a personal relationship with all of the litigants. Moreover he has advised the plaintiffs and their counsel concerning the litigation. But at present he has no more right than any other member of the public to attend the private deposition proceeding of the plaintiff taken at the behest of the defendant. While it may be a comfort to the plaintiff or a service to her counsel for Meyers to be there, there is no entitlement for him to be present over the objection of the defendant.
As the circumstances of this case now exist, the court finds that it is the privilege of the defendant to exclude the non-party Michael Meyers from attendance at the deposition of the plaintiff Lurrae Lupone now being conducted by defendant's counsel. CT Page 9079
The Plaintiff's Motion for Order is denied.
 ______________ PITTMAN, JUDGE